UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
VIRGIL RIVERS,

                Movant,

  -against-                           **MEMORANDUM AND ORDER**
                                              Case Nos.    08-CV-3747 (FB)
UNITED STATES OF AMERICA,                               03-CR-1120 (FB)

                Respondent.
------------------------------------------------------x

*Appearances:*
*For the Movant:*                                       *For the Respondent*:
VIRGIL RIVERS, *pro se*                         LORETTA E. LYNCH, ESQ.
#81378-158                                               United States Attorney
FCI Pekin                                                   Eastern District of New York
Post Office Box 5000                            271 Cadman Plaza East
Pekin, Illinois 61555                            Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

        Virgil Rivers is currently incarcerated pursuant to a judgment convicting him of conspiracy to commit bank robbery, bank robbery, and unlawful use of a firearm. On December 4, 2008, the Court denied Rivers's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. On September 14, 2012, the Court denied Rivers's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

        Rivers now moves, once again, for relief from judgment pursuant to Rule 60(b). In that latest motion, he asks the Court: (1) to vacate his conviction and sentence pursuant to the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013);

(2) to vacate and re-enter its September 14th order denying his first Rule 60(b) motion so that he can appeal it; and (3) to appoint counsel.[1]

1.  In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. *Alleyne* was decided earlier this year and, accordingly, was not raised in Rivers's original § 2555 motion. A Rule 60(b) motion that adds a new ground for vacating a conviction is, in effect, a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Such a motion requires "preclearance" from the appropriate circuit court of appeals. *See* 28 U.S.C. § 2255(h). Thus, the Court lacks jurisdiction over Rivers' claim, and orders this branch of his motion transferred to the Second Circuit as a successive § 2255 motion.

2.  The circumstances in which a district court may use Rule 60(b) to reset the time for appeal are limited to cases in which the party seeking to appeal lacked both actual and constructive notice of the judgment or order. *See Mizell v. Attorney General of N.Y.*, 586 F.2d 942, 944 n.2 (2d Cir. 1978) ("[Our] prior decisions indicate that a Rule 60(b)(6) motion may not be granted absent some showing of diligent effort by counsel to ascertain the status of the case."); *International Controls Corp. v. Vesco*, 556 F.2d 665, 671 (2d Cir. 1977) (affirming denial of Rule 60(b) motion because "the district court found that appellant had actual notice of the entry of judgment five days before the time for appeal expired and had constructive notice at least some twenty days in advance"). Although Rivers argues that

---

[1] Rivers's motion and various addenda thereto have been docketed in both this case and the underlying criminal proceeding. Accordingly, the Clerk is directed to docket this memorandum and order in both cases.

a stint in administrative detention deprived him of access to his facility's law library, he does not allege that he did not receive a copy of the Court's order denying his first Rule 60(b) motion. Therefore, the Court declines to vacate and re-enter its September 14th order.

3. A district court may appoint counsel in a § 2255 proceeding "[w]henever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In addressing a district court's analogous authority to appoint counsel in a civil case, the Second Circuit has said that the court "should first determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); *cf. Heath v. United States Parole Comm'n*, 788 F.2d 85, 88 (2d Cir. 1986) (declining to appoint counsel in § 2241 proceeding because petitioner's argument was "without substance"). The claims raised in Rivers's most recent motion are not substantial enough to warrant appointment of counsel.

For the foregoing reasons, the branch of Rivers's motion raising a claim under *Alleyne* is transferred to the Second Circuit. In all other respects, the motion is denied. Because Rivers has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

  /S/ Frederic Block  
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 19, 2013